**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____

)
LAURA SKOP,                 )
)
         Plaintiff,     )
)     CIVIL ACTION
    vs.           )
)     FILE NO. 1:05-CV-1754
CITY OF ATLANTA, GEORGIA,   )
OFFICER TIMOTHY BROWN,   )
in his individual capacity, &   )
SERGEANT THOMAS L.   )
PADGETT, in his individual capacity,)
)
        Defendants.   )
_____)

**ANSWER AND AFFIRMATIVE DEFENSES OF
CITY OF ATLANTA, TIMOTHY BROWN, AND THOMAS L. PADGETT**

Defendants City of Atlanta, Officer Timothy Brown, and Lieutenant[1]

Thomas L. Padgett (the "City Defendants") hereby file their answer and

affirmative defenses in this case.

---

[1] At all times relevant to the allegations in the Complaint, Thomas Padgett held the title of Sergeant. He was promoted to Lieutenant in March 2004.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

City Defendants assert that Plaintiff's Complaint fails to state a claim against a municipality upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

City Defendants assert that they took no action to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

### THIRD AFFIRMATIVE DEFENSE

City Defendants assert that they engaged in no custom, policy, pattern or practice that gave rise to a violation of Plaintiff's constitutional or statutory rights.

### FOURTH AFFIRMATIVE DEFENSE

Defendant City of Atlanta is not liable for the *ultra vires* acts of its officers and employees.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims against Defendant City of Atlanta are barred by the doctrine of sovereign and/or governmental immunity. Defendant City of Atlanta is entitled to sovereign and/or governmental immunity from Plaintiff's

state law claims pursuant to O.C.G.A. §§ 36-33-1 and 36-33-3. Defendant City of Atlanta has not waived such immunity/immunities.

## SIXTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff has been affected by the conduct of City Defendants, said Defendants' actions were reasonable, proper and necessary under the circumstances and were taken in the good faith exercise of their duties and responsibilities imposed by law.

## SEVENTH AFFIRMATIVE DEFENSE

City Defendants are not liable for punitive damages, nor are any such damages warranted in this case.

## EIGHTH AFFIRMATIVE DEFENSE

Any injury to Plaintiff resulted from Plaintiff's own acts.

## NINTH AFFIRMATIVE DEFENSE

Any injury to Plaintiff was not proximately caused by the conduct of City Defendants.

## TENTH AFFIRMATIVE DEFENSE

Defendant City of Atlanta is not liable under the theory of *respondeat superior* for the acts and/or omissions of its employees, officers, or agents.

## ELEVENTH AFFIRMATIVE DEFENSE

All claims against Defendants Brown and Padgett, as City of Atlanta Police Officers, are, in effect, claims against the City of Atlanta. Defendant City of Atlanta has no policy, custom or practice that would subject it to liability under 42 U.S.C. §1983.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants Brown and Padgett are entitled to the defense of discretionary/official immunity from Plaintiff's state law claims, pursuant to O.C.G.A. §36-33-4. Defendants Brown and Padgett are entitled to the defense of qualified immunity from Plaintiff's federal law claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Brown had sufficient and/or arguable probable cause to arrest Plaintiff. Defendant Brown's actions were reasonable under the circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent required by law, Plaintiff failed to provide the City of Atlanta with *ante litem* notice.

# ANSWER TO THE COMPLAINT

## INTRODUCTION

### 1.

City Defendants assert that the allegations contained in Paragraph 1 of the Complaint are legal conclusions and require no response from City Defendants. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 1, said allegations are denied.

## JURISDICTION AND VENUE

### 2.

City Defendants assert that the allegations contained in Paragraph 2 of the Complaint are legal conclusions and require no response from City Defendants. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 2, said allegations are denied.

### 3.

City Defendants assert that the allegations contained in Paragraph 3 of the Complaint are legal conclusions and require no response from City Defendants. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 3, said allegations are denied.

<u>PARTIES</u>

4.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 4, said allegations are denied.

5.

City Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.

City Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.

City Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.

City Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.

City Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.

City Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 11, said allegations are denied.

12.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 12, said allegations are denied.

13.

City Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 14, said allegations are denied.

15.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 15, said allegations are denied.

16.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 16, said allegations are denied.

17.

City Defendants admit that Officer Brown was called to the scene of a fallen tree on Middlesex Avenue. City Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the remaining allegations contained in Paragraph 17, said allegations are denied.

18.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 18, said allegations are denied.

19.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 19, said allegations are denied.

20.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 20, said allegations are denied.

21.

City Defendants admit that Officer Brown never moved his patrol car. City Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the remaining allegations contained in Paragraph 21, said allegations are denied.

22.

City Defendants admit that both Officer Brown and Plaintiff rolled down their car windows. City Defendants further admit that Officer Brown informed Plaintiff that the area was hazardous. City Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint. To the extent that

Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 23, said allegations are denied.

24.

City Defendants admit that Plaintiff exited her vehicle and knocked on the window of the patrol car. City Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the remaining allegations contained in Paragraph 24, said allegations are denied.

25.

City Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.

City Defendants admit that Officer Brown informed Plaintiff that she could be arrested for obstruction. City Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.

City Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.

City Defendants admit that Officer Brown placed Plaintiff under arrest for Obstruction, handcuffed her, and placed her in the back of the patrol car after Plaintiff was permitted to make contact with a neighbor.

29.

City Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.

City Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31.

City Defendants admit that Sergeant Padgett authorized the impound of Plaintiff's vehicle. City Defendants deny the remaining allegations of Paragraph 31 of the Complaint.

32.

City Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.

City Defendants admit that Plaintiff remained in the back of the patrol car for at least one hour and Plaintiff remained handcuffed behind her back during this time. City Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34.

City Defendants admit that Officer Brown transported Plaintiff to a Zone 2 police station and sat Plaintiff in a chair where she remained handcuffed with her arms behind her back. City Defendants further admit that Plaintiff remained at the police station for less than an hour.

35.

City Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.

City Defendants admit that, pursuant to standard procedure, Officer Brown inventoried the contents of Plaintiff's vehicle.

37.

City Defendants admit that a female officer transported Plaintiff to jail. City Defendants lack sufficient information to form a belief as to the truth of the

remaining allegations contained in Paragraph 37 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the remaining allegations contained in Paragraph 37, said allegations are denied.

38.

City Defendants deny that Plaintiff was in custody as the result of an illegal seizure. City Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the remaining allegations contained in Paragraph 38, said allegations are denied.

39.

City Defendants admit that the Atlanta Police Department's Office of Professional Standards investigated Plaintiff's complaint against Officer Brown and that Officer Brown was found to have violated some, but not all, of the charges lodged against him. City Defendants further admit that Officer Brown received a suspension, a written reprimand, and an oral admonishment.

40.

City Defendants deny that Officer Brown's arrest of Plaintiff was illegal.
City Defendants admit the remaining allegations contained in Paragraph 40 of the
Complaint.

41.

City Defendants admit the allegations contained in Paragraph 41 of the
Complaint.

42.

City Defendants admit the allegations contained in Paragraph 42 of the
Complaint.

43.

City Defendants deny the allegations contained in Paragraph 43 of the
Complaint.

44.

City Defendants deny that Officer Brown's arrest of Plaintiff was illegal.
City Defendants lack sufficient information to form a belief as to the truth of the
remaining allegations contained in Paragraph 44 of the Complaint. To the extent
that Plaintiff seeks to impose or imply liability upon City Defendants by asserting
the remaining allegations contained in Paragraph 44, said allegations are denied.

45.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 45, said allegations are denied.

46.

City Defendants deny that Officer Brown's arrest of Plaintiff was illegal. City Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the remaining allegations contained in Paragraph 46, said allegations are denied.

47.

City Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 47, said allegations are denied.

## COUNT I

## FOURTH AMENDMENT – 42 U.S.C. § 1983

### (False Arrest – All Defendants)

48.

City Defendants admit the allegations contained in Paragraph 48 of the Complaint.

49.

City Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.

City Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.

City Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.

City Defendants assert that the allegations contained in Paragraph 52 of the Complaint are legal conclusions and require no response from City Defendants. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 52, said allegations are denied.

53.

City Defendants admit that Sergeant Padgett was Officer Brown's supervising officer and that Officer Brown called him regarding Plaintiff's arrest. City Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

54.

City Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.

City Defendants assert that the allegations contained in Paragraph 55 of the Complaint are legal conclusions and require no response from City Defendants. To the extent that Plaintiff seeks to impose or imply liability upon City Defendants by asserting the allegations contained in Paragraph 55, said allegations are denied.

56.

City Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.

City Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.

City Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.

City Defendants deny the allegations contained in Paragraph 59 of the Complaint.

## COUNT II

### FOURTH AMENDMENT – 42 U.S.C. § 1983

### (Malicious Prosecution – All Defendants)

60.

City Defendants admit the allegations contained in Paragraph 60 of the Complaint.

61.

City Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.

City Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.

City Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.

City Defendants admit the allegations contained in Paragraph 64 of the Complaint.

65.

City Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.

City Defendants admit that the Solicitor General for the City Court of Atlanta decided not to file charges against Plaintiff. City Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.

67.

City Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.

City Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.

City Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.

City Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.

City Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.

City Defendants deny the allegations contained in Paragraph 72 of the Complaint.

## **COUNT III**

### **FALSE ARREST – O.C.G.A. § 51-7-1**

**(Officer Brown & Sergeant Padgett)**

73.

City Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.

City Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.

City Defendants deny the allegations contained in Paragraph 75 of the Complaint.

## **COUNT IV**

## **MALICIOUS PROSECUTION – O.C.G.A. § 51-7-40**

## **(Officer Brown & Sergeant Padgett)**

76.

City Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.

City Defendants deny the allegations contained in Paragraph 77 of the Complaint.

Any allegations in Plaintiff's Complaint not previously addressed are expressly denied.

WHEREFORE, having answered Plaintiff's Complaint within the time allowed by law, City Defendants respectfully request:

(a)      that all of Plaintiff's prayers for relief be denied;

(b)      that the action against City Defendants be dismissed for failure to state a claim; and

(c)      that all costs incurred by City Defendants to defend this action be cast upon the Plaintiff.

This 25th day of July, 2005.

LINDA K. DISANTIS
City Attorney
Georgia Bar No. 222666

DENNIS M. YOUNG
Sr. Asst. City Attorney
Georgia Bar No. 781744

s/Cleora S. Anderson
CLEORA S. ANDERSON
Associate City Attorney
Georgia Bar No. 016576

Attorneys for City Defendants

City of Atlanta Law Department
68 Mitchell Street, S.W.
Suite 4100
Atlanta, Georgia 30335
(404) 330-6400
(404) 658-6894 facsimile
csanderson@atlantaga.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____
)
LAURA SKOP,                            )
)
       Plaintiff,                     )
)    CIVIL ACTION
   vs.                                    )
)    FILE NO. 1:05-CV-1754
CITY OF ATLANTA, GEORGIA,    )
OFFICER TIMOTHY BROWN,        )
in his individual capacity, &         )
SERGEANT THOMAS L.              )
PADGETT, in his individual capacity,)
)
      Defendants.              )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2005, I electronically filed a copy of the within and foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF CITY OF ATLANTA, TIMOTHY BROWN, AND THOMAS L. PADGETT** with the Clerk of Court using the CM/ECF system.

I further certify that I mailed the document via United States Postal Service, postage prepaid first class, to the following attorney of record:

William J.S. Atkins, Esq.
Parks, Chesin & Walbert, P.C.
75 14th Street - 26th Floor
Atlanta, GA  30309

s/ Cleora S. Anderson
CLEORA S. ANDERSON
Associate City Attorney

CITY OF ATLANTA LAW DEPARTMENT
68 Mitchell Street, S.W.
Suite 4100
Atlanta, Georgia 30303
(404) 330-6400
(404) 658-6894 (facsimile)