# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LAURA SKOP,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ATLANTA, GEORGIA,<br>OFFICER TIMOTHY BROWN,<br>in his individual capacity, &<br>SERGEANT THOMAS L.<br>PADGETT, in his individual capacity,<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. 1:05-CV-1754-BBM |

## CITY DEFENDANTS' REPLY BRIEF
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to L.R. 56.1, the City of Atlanta, Officer Timothy Brown, and Sergeant Thomas L. Padgett[1] (the "City Defendants") file this reply brief in further support of their Motion for Summary Judgment.

---

[1] At all times relevant to the allegations contained in Plaintiff's complaint, Thomas Padgett held the rank of Sergeant. He was promoted to Lieutenant in March 2004.

Plaintiff has gone to great lengths to persuade this court to find in her favor. In opposition to City Defendants' Motion for Summary Judgment, Plaintiff has filed two briefs, a 71-paragraph repetitive Declaration, more than eighty pieces of "documentary evidence," and 105 paragraphs of purported "Material Facts." Plaintiff buries this Court in an avalanche of paper in hopes that the court will ignore the transparent nature of her case. But a motion for summary judgment is decided on the basis of <u>material</u> facts. City Defendants are confident that only the material facts will form the basis for this Court's ruling.

**A.    Officer Brown Had Probable Cause And Therefore He Is Entitled To Qualified Immunity.**

Boiled down to the lowest common denominator, this court must resolve the following question: <u>is there a genuine issue of material fact concerning Officer Brown's finding of probable cause to arrest Plaintiff</u>? If the court answers that question in the negative, Plaintiff's entire lawsuit fails. It is that simple, because the existence of probable cause constitutes an absolute bar to § 1983 claims alleging false arrest against individuals and municipalities.[2] This Court is fully

---

[2] *Sullivan v. Pembroke Pines*, 161 Fed.Appx. 906, 910 (11th Cir. Jan. 12, 2006). Pursuant to Eleventh Circuit Rule 36-2, a copy of this opinion is provided as an exhibit. *See also Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (affirming trial court's grant of a JNOV in favor of individual and municipal defendants because probable cause to arrest existed as a matter of law); *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996).

empowered to make this determination, because the existence of probable cause can be determined as a matter of law from the facts.³

Plaintiff's Opposition reports that City Defendants concede that Officer Brown did not have "outright" probable cause.⁴ That is patently false, as evidenced by pages 17-19 of City Defendants' initial brief. City Defendants reiterate the standard for probable cause, long-ago proclaimed by the U.S. Supreme Court and recited in scores of § 1983 decisions throughout this nation:

> [Probable cause exists if] at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.⁵

In other words, Plaintiff must produce evidence that would allow a fact finder to conclude that no reasonable person in Officer Brown's position—not just Plaintiff—could have thought the facts were such that they justified Officer Brown's actions.⁶

In January 2006, the Eleventh Circuit agreed in *Sullivan v. City of Pembroke Pines* that an officer had probable cause to arrest a woman (and therefore upheld

---

³ *Sullivan*, 161 Fed.Appx. at 908 (citing *Rankin*, 133 F.3d at 1435)).
⁴ Plaintiff's First Opposition Brief at 21.
⁵ *Beck v. Ohio*, 379 U.S. 89, 91 (1964). City Defendants erroneously cited *U.S. v. Morris* in their initial brief.
⁶ *See Durruthy v. Pastor*, 351 F.3d 1080, 1090 (11th Cir. 2003).

qualified immunity) under factual circumstances similar to the instant case.[7] In *Sullivan*, a police officer responded to a mother's call of a domestic disturbance between her and her 16-year-old daughter. The mother obstructed the officer's efforts to conduct his investigation when she repeatedly approached the officer and asked for his name. After the officer told her to "get back to her vehicle" at least three times and she failed to comply, he arrested her and charged her with battery upon an officer and resisting an officer without violence. After her unsuccessful prosecution, the mother brought a malicious prosecution claim pursuant to 42 U.S.C. § 1983 against the officer and false arrest and battery claims against the city.

The district court granted summary judgment to the officer regarding the malicious prosecution claim because probable cause for the arrest existed. The court noted that it was undisputed that the mother <u>ignored the officer's instructions to return to her vehicle and continued to approach him</u>. On appeal, the mother argued that in considering the defendants' motion for summary judgment, the district court failed to view the facts in the light most favorable to her as the nonmovant. The Eleventh Circuit disagreed and affirmed the district court's decision, finding that the mother failed to establish the absence of probable cause.

---

[7] 161 Fed.Appx. 906 (11th Cir. Jan. 12, 2006).

A reading of the charges imposed on Plaintiff in this case supports a finding of probable cause. Plaintiff was charged with two offenses. First, "obstruction of law enforcement officer," O.C.G.A. § 16-10-24(a):

> (a) Except as otherwise provided in subjection (b) of this Code section, a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor.

This statute is nearly identical to the Florida statute at issue in *Sullivan*.[8] Second, Plaintiff was charged with "failure to obey authorized person directing traffic," O.C.G.A. 40-6-2:

> No person shall fail or refuse to comply with any lawful order or direction of any police officer, firefighter, police volunteer authorized under Code Section 35-1-11, or school-crossing guard designated by a local law enforcement agency invested by law with authority to direct, control, or regulate traffic.

A reasonable officer on duty in similar circumstances could have come to the same conclusion that Officer Brown did: that Plaintiff violated these statutes.[9] It is undisputed that Officer Brown was on official duty on Plaintiff's street. He was there to ensure the safety of the residents and secure the street as a result of the

---

[8] The *Sullivan* plaintiff was charged with resisting an officer without violence: "Whoever shall resist, obstruct, or oppose an officer . . . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree."

[9] This court can find that Plaintiff's behavior violated either one of the Georgia statutes and that finding would be sufficient to establish probable cause and grant City Defendants' motion for summary judgment in its entirety. *See Sullivan*, 161 Fed.Appx. at 910.

huge, fallen tree—in other words, to regulate any traffic coming down Plaintiff's street. Fully ignoring Officer Brown's official purpose, Plaintiff repeatedly demanded that Officer Brown move his car. As in *Sullivan*, Plaintiff ignored the officer's repeated directives. Plaintiff knocked on his car window, more than once. Even after Officer Brown explicitly informed her that she was under arrest, she took it upon herself to briefly flee Officer Brown and solicit her neighbor as a witness to the proceedings. Plaintiff's strident actions went far beyond the "mere speech" she contemplates in her Opposition.[10] If Plaintiff was truly concerned about the severity of the storm, prudence dictated that she acquiesce to Officer Brown's requests and get inside her home as quickly as possible, even if that meant parking her car on the street. Instead, she chose to challenge a uniformed police officer who was on duty in the middle of the street during a life-threatening storm.

Plaintiff relies heavily upon *Davis v. Williams* as support for her argument that Officer Brown had no probable cause to arrest her. Plaintiff's reliance is misplaced. The *Davis* court determined that there was no probable cause for the plaintiff's charges of obstruction and disorderly conduct because, under Florida law, <u>physical conduct</u> must accompany offensive speech to violate the law.[11] The Georgia statutes Plaintiff was charged with do not require physical conduct. The

---

[10] Plaintiff's lawsuit contains no First Amendment claim.
[11] *Davis v. Williams*, ---- F.3d ----, 2006 WL 1541458 at *3 (11th Cir. June 7, 2006).

*Davis* court also found that the plaintiff was talking in a <u>respectful</u> manner.[12] In this case, Plaintiff repeatedly yelled at Officer Brown as she made her demands.

Plaintiff's reliance on *Thornton v. City of Macon* is also inapposite. In that case, the district court did not grant qualified immunity (and the Eleventh Circuit affirmed) specifically because no reasonable police officer would have believed that the defendant-officers were acting within the scope of their official duties (they were facilitating a mattress exchange between the plaintiff and his ex-girlfriend).[13] The case did not turn on whether the plaintiff's <u>behavior</u> actually provided the probable cause for the arrest, which is the decisive question in the instant case.

**B.     Officer Brown Had Arguable Probable Cause For Plaintiff's Arrest.**

To receive qualified immunity protection, Officer Brown only needed <u>arguable</u> probable cause for the plaintiff's arrest.[14] Here, the inquiry is not whether probable cause <u>actually</u> existed, but instead whether Officer Brown reasonably <u>could have believed</u> that probable cause existed, <u>in light of the information that he</u>

---

[12] *Id.* at *5.
[13] *Thornton*, 132 F.3d at 1399.
[14] Officer Brown was internally sanctioned for his conduct by the Atlanta Police Department, but that does not undermine the objective facts that establish probable cause or arguable probable cause. *See Durruthy*, 351 F.3d at 1092 (stating same).

possessed during his interaction with Plaintiff.[15] In *Redd v. City of Enterprise*,[16] the Eleventh Circuit conducted a thorough analysis of a police officer's arrest of a citizen for disorderly conduct and came to that very conclusion, thereby reversing the district court's refusal to grant qualified immunity.

Officer Brown arrested Plaintiff for obstruction and failure to obey an authorized person directing traffic because he believed Plaintiff insisted on driving <u>further down</u> the street. <u>Officer Brown did not know his car was blocking Plaintiff's driveway.</u>[17] He believed Plaintiff wanted him to move his marked police car so that she could drive further down the street, closer to the downed tree and power lines. Officer Brown believed his actions served to protect Plaintiff, not harm her. Plaintiff insists this is not true, because it is the only way she can refute arguable probable cause. But Plaintiff concedes that she could not see Officer Brown, that she could not hear whether he was saying anything to her, and that she was not sure whether the officer could hear her. She admits she never told him her address. Plaintiff further admits that she was "confused and upset" during her

---

[15] *See Durruthy*, 351 F.3d at 1089 (finding arguable probable cause because the plaintiff was in the middle of the busy street at a chaotic time and the plaintiff admitted that he knew the officers were trying to clear that very intersection); *Holmes v. Kucynda*, 321 F.3d 1069, 1079 (11th Cir. 2003).
[16] 140 F.3d 1378 (11th Cir. 1998).
[17] Officer Brown is entitled to qualified immunity regardless of his mistaken belief. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Butz v. Economou*, 438 U.S. 478, 507 (1978).

communications with Officer Brown.[18]  Under the circumstances described above, Officer Brown's belief that Plaintiff broke the law was reasonable, and therefore he is entitled to qualified immunity.

Plaintiff also tries to convince this Court that Officer Brown knew, throughout his encounter with Plaintiff, that he was directly in front of her house. Plaintiff is dead wrong.  Plaintiff states correctly that when Officer Brown radioed Dispatch, he informed them:  "[Arrived at call] at 700 Hillpine, there is a tree down . . . show me out over here on Winslow with 205 [Officer Fernandez]."  But in the very next sentence, Plaintiff argues that "Brown knew that Officer Fernandez was nowhere near Hillpine and he also knew exactly where he was—the 1300 block of Middlesex Avenue."  It is undisputed that Officer Brown made these calls to dispatch before ever encountering Plaintiff.  Therefore, Officer Brown's statements to Dispatch prove that <u>he did not know that he was on Middlesex Avenue during his encounter with Plaintiff</u>.  Officer Brown did not acquire this information until he had placed Plaintiff into physical custody and requested her driver's license.[19] Plaintiff admits that "[t]hroughout the incident, Brown never asked me where I

---

[18] Skop Decl. ¶ 37.
[19] Plaintiff admits this fact as well:  "But by the time he arrested her, Brown knew where she lived."  Plaintiff's First Opposition Brief at 11.

lived."[20] In fact, Plaintiff never told him. She admits that "if he had asked me, I would have been able to tell him directly."[21]

## C. 42 U.S.C. § 1983 Has An Important Historical Purpose And Plaintiff's Claims Do Not Rise To This Standard.

Plaintiff's lawsuit is but one of the many spurious claims filed against police officers pursuant to 42 U.S.C. § 1983. "Only in exceptional cases will government actors have no shield against claims made against them in their individual capacities."[22] This is not an exceptional case. 42 U.S.C. § 1983 was enacted to provide a remedy for <u>egregious</u> violations of civil rights.

Case in point: in her declaration, Plaintiff eagerly informs the court that she weighs 130 pounds, has blonde hair, a fair complexion, and an athletic build.[23] These "facts" serve absolutely no purpose other than to make clear to the Court that Plaintiff's argument really consists of her being a helpless woman who deserved utter subservience from a public safety officer, regardless of his official responsibilities.

Plaintiff grossly mischaracterizes the facts of her case to distract this Court from well-settled principles of constitutional law. But the fact remains: no genuine

---

[20] Skop Decl. ¶ 50.
[21] *Id.*
[22] *Redd v. Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998) (citing *Lassiter v. Alabama A&M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994)).
[23] Skop Decl. ¶ 2.

issue of material fact exists and City Defendants are entitled to summary judgment as a matter of law.

Respectfully submitted this 3rd day of July, 2006.

Attorneys for City Defendants

LINDA K. DISANTIS
City Attorney
Ga. Bar No. 222666

DENNIS M. YOUNG
Senior Assistant City Attorney
Ga. Bar No. 781744

s/ Cleora S. Anderson
CLEORA S. ANDERSON
Associate City Attorney
Ga. Bar No. 016576

CITY OF ATLANTA LAW DEPARTMENT
Suite 4100, 68 Mitchell Street, S.W.
Atlanta, Georgia 30303-3520
(404) 330-6400
(404) 658-6894 (facsimile)
Email: csanderson@atlantaga.gov


Co-Counsel for Defendant Brown

s/ Donald C. English (b.e.p.)
DONALD C. ENGLISH
General Counsel
Ga. Bar No. 248875

Co-Counsel for Defendant Padgett

s/ Grady K. Dukes (b.e.p.)
GRADY K. DUKES
Staff Attorney
Ga. Bar No. 232465

SOUTHERN STATES POLICE BENEVOLENT ASSOCIATION
1900 Brannan Road
McDonough, Georgia 30253

## **CERTIFICATION**

Counsel for Defendants certifies that this brief has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| LAURA SKOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. 1:05-CV-1754-BBM |
| CITY OF ATLANTA, GEORGIA, ) | |
| OFFICER TIMOTHY BROWN, ) | |
| in his individual capacity, & ) | |
| SERGEANT THOMAS L. ) | |
| PADGETT, in his individual capacity,) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2006, I electronically filed a copy of **CITY DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** and **REPLY TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS** with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following attorney of record:

William J.S. Atkins, Esq.
Parks, Chesin & Walbert, P.C.
75 14th Street - 26th Floor
Atlanta, GA 30309

                                                  s/ Cleora S. Anderson
                                                  CLEORA S. ANDERSON
                                                  Associate City Attorney

CITY OF ATLANTA LAW DEPARTMENT
68 Mitchell Street SW, Suite 4100
Atlanta, Georgia 30303-3520
(404) 330-6400
(404) 658-6894 (facsimile)